WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Employers Reinsurance Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Guaranteed Financial Corporation, et al.,<br><br>  Defendants. | CIV 04-884 PHX VAM<br><br>O R D E R |

In this litigation, plaintiff seeks to hold defendants liable for a default judgment entered by the United States District Court for the Western District of Missouri against American Investors Insurance, Ltd. (hereinafter "AII") in the amount of $1,568,710. Earlier in the litigation the parties asked the Court to resolve the effect of the Missouri default judgment on the defendants in this action. (Docs. 31, 49, 51, 54). This Court entered an Order, dated August 24, 2005, indicating that ". . .if plaintiff proves (1) the alter ego theory as set forth in the Court's prior Order (Doc. 49) and (2) plaintiff establishes defendants' control or ability to defend at the time of the default judgment, the judgment may be enforced against each defendant for whom plaintiff satisfies its burden of proof on these two issues." (Doc. 63). The reasoning behind this ruling is set forth in the Court's earlier Orders. (Docs. 49, 63).

Now pending before the Court is defendants' Motion for Partial Summary Judgment seeking a ruling that plaintiff cannot establish control/ability to defend at the time the Missouri default judgment was entered. (Docs. 79, 80). Plaintiff opposes the Motion for Summary Judgment arguing that defendants may not have had actual control of AII at the time of the default judgment but that they had the "ability to defend" AII. (Docs. 85, 86). Plaintiff also opposed defendants' Motion for Summary Judgment by arguing the documents relied upon by defendants were not admissible in support of the summary judgment motion as they were Bermuda documents which were unauthenticated. (Doc. 88).

The Motion for Summary Judgment was argued on May 15, 2006 (Doc. 90). During that hearing, the Court indicated that the documents needed to support plaintiff's Motion for Summary Judgment were not authenticated and could not be relied upon by the Court. The Court gave the parties additional time to determine whether the documents could be stipulated to or authenticated and to provide additional briefing. (Docs. 90, 97). The parties have now filed a Stipulation regarding the authenticity of certain documents (Doc. 98). The matter is now fully briefed and the Court will proceed with a ruling on defendants' Motion for Summary Judgment regarding control of AII at the time of the default judgment.

A. Summary Judgment Standard

Summary judgment is appropriate when the movant shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Rule 56(c),

F.R.Civ.P.; California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006 (1988).  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of demonstrating that there is no material fact precluding summary judgment.  Adickes v. S.H. Cress and Company, 398 U.S. 144, 157 (1970).

Substantive law determines which facts are material. Anderson v. Liberty Lobby, 477 U.S. at 248; Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  Celotex Corporation v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986); see also Citadel Holding Corporation v. Roven, 26 F.3d 960, 964 (9th Cir. 1994).  The moving party need not disprove matters on which the opponent has the burden of proof at trial. Celotex, 477 U.S. at 323.

Furthermore, the party opposing summary judgment "may not

rest upon the mere allegations or denials of the [party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Rule 56(e), F.R.Civ.P.; Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Lind Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party.  If the evidence is merely colorable or if not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50.  However, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor."  Id. at 255.

  B. Defendants' Motion Regarding Control

  With the filing of the Stipulation establishing authenticity of certain documents submitted in support of defendants' Motion for Summary Judgment and in plaintiff's Opposition to the Motion for Summary Judgment, the Court makes the following findings of uncontested facts:

  1.  AII is a Bermuda corporation.  On March 28, 2003, a creditor (International Corporate Services, Ltd.) filed a petition in Bermuda to wind-up (the equivalent of an involuntary bankruptcy) AII under The Companies Act 1981.  (Doc. 80, Exhibit 4 at Attachment A and Doc. 33 at Exhibit 11 as authenticated by Document 98 at pars. 7 and 8).

  2.  On January 23, 2004, the Supreme Court of Bermuda appointed a "provisional liquidator of affairs" for AII and ordered the company be "wound up" under the provision of The

4

Companies Act 1981.  (Doc. 33 at Exhibit 11 as authenticated by Doc. 98, par. 8).

3. AII's counsel filed a Motion to Withdraw in the litigation pending against AII in the United States District Court for the Western District of Missouri on December 4, 2003.  The Court ordered AII to obtain new counsel on or before February 27, 2004 or risk entry of default judgment.  (Doc. 33 at Exhibit 10).

4. On March 1, 2004, counsel for the official receiver/provisional liquidator of AII, appointed by the Supreme Court of Bermuda, wrote to the U.S. District Judge in the Missouri litigation asking for additional time to determine whether it should hire counsel to defend, or apply for a stay, and requested the District Judge not enter default judgment.  (Doc. 33 at Exhibit 14 as authenticated by Doc. 98, par 10).

5. On March 5, 2004, the United States District Court for the Western District of Missouri entered a default judgment in favor of Employers Reinsurance and against AII in the amount of $1,568,710.  (Doc. 33 at Exhibit 15; Doc. 80 at par. 12).

6. The Companies Act 1981 (Exhibit B to Document 79) is an authentic copy of Bermuda Law and governs the winding up of AII. (Doc. 98 at par. 1 and Doc. 80, Exhibit 4 at Attachment A).  The Companies Act 1981 contains a section entitled "Part VIII Winding Up."  Section 175 of the Companies Act 1981 sets forth the powers of the liquidator and indicates that the liquidator in a winding up shall have ". . .the power, with the sanction either of the court or of the committee of inspection, to bring or defend any action or other legal proceedings in the name and on behalf of the

company."  (Doc. 79 at Exhibit B, Section 175(1)(a) and Stipulation re Authenticity at Doc. 98, par. 1).  Under the Companies Act 1981 the liquidator for AII was in control of litigation involving AII and had the power to defend the litigation in the Western District of Missouri, with approval of the Court (Bermuda Court) or "committee of inspection."  (Id.).

The above facts are not contested by plaintiff.  Instead of arguing that defendants actually controlled AII after the wind up, plaintiff argues they had the ability to take certain steps and regain control of AII by paying off debts.  (Doc. 95).  In support of its position, plaintiff has submitted an opinion by an attorney practicing in Bermuda as to what actions "could have" been taken by defendants which "would likely have" allowed AII to avoid the winding up petition, placement of a liquidator and entry of the default judgment.  (Doc. 95).  This does not change the fact that AII was in winding up and under the control of a liquidator of the Bermuda Court at the time of the entry of default judgment.

This Court previously determined that plaintiff would have to establish two things to hold the present defendants liable on a default judgment entered against another corporation (AII), i.e. alter ego theory as set forth in the Court's Order (Doc. 49) and that defendants controlled or had the ability to defend at the time of the default judgment.  The Court finds that the above uncontested facts establish that defendants in this lawsuit did not actually control AII at the time of the default judgment; the liquidator/Court in Bermuda was in control of AII and defendants did not have the ability to direct the litigation, i.e. defend

6

against the default judgment. It is speculative as to whether or not defendants could have regained control of AII and avoided the default judgment. What is known is that they did not control and the "liquidator" was making the decisions regarding the litigation in the Western District of Missouri. As a result, plaintiff may not enforce the default judgment against the present defendants (Guaranteed Financial Corporation, Robert P. LeMarr and Lois J. LeMarr).

**IT IS THEREFORE ORDERED** granting defendants' Motion for Summary Judgment on the issue of control. (Doc. 79). The Court finds that defendants did not have control of AII or the ability to defend against the default judgment in the Western District of Missouri. As a result, the default judgment against AII may not be enforced against the defendants in the present action.

DATED this 26th day of September, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge